**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**FILED**
JEANNE A. NAUGHTON, CLERK
JAN 23 2018
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____ DEPUTY

Last revised: December 1, 2017

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re: Stephanie Ann Zanni
1059 E. Forest Grove Rd. Vineland, NJ 08360
Debtor(s)

Case No.: 17-12184
Judge: Altenburg

## Chapter 13 Plan and Motions

☐ Original   ☒ Modified/Notice Required   Date: 01/19/2018
☐ Motions Included   ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: _____   Initial Debtor: _/s/_   Initial Co-Debtor: _____

## Part 1: Payment and Length of Plan

a. The debtor shall pay $ __600.00__ per __month__ to the Chapter 13 Trustee, starting on __February 1, 2018__ for approximately __60__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☐ Future earnings

☒ Other sources of funding (describe source, amount and date when funds are available):

Social Security - Receives 3rd of month - $1059.00 Award Letter Attached
Structured Settlement - Receives monthly - $880.00 Documentation Attached
Son's Contribution - $200.00 per month - written letter from son attached

c. Use of real property to satisfy plan obligations:

☒ Sale of real property
Description:
Proposed date for completion: __August 2019__

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: __June 2018__

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

| Part 2: | Adequate Protection ☐ NONE | | |
|---|---|---|---|
| a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor). | | | |
| b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor). | | | |

**Part 3: Priority Claims (Including Administrative Expenses)**

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 0.00  N/A Pro se |
| DOMESTIC SUPPORT OBLIGATION | | N/A |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. |  |  |

**Part 4:  Secured Claims**

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Nationstar aka Mr. Cooper | 1st mortgage | appox. 177,074.00 | | $600.00 a month to creditor paid by the Trustee. Arrears cured thru loss mitigation - loan modification filed 6/13/17 awaiting status | |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

**c. Secured claims excluded from 11 U.S.C. 506:** ☐ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☒ NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender ☒ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan ☒ NONE**

The following secured claims are unaffected by the Plan:

| g. Secured Claims to be Paid in Full Through the Plan: ☒ NONE | | |
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
| | | |

### Part 5: Unsecured Claims ☒ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

### Part 6: Executory Contracts and Unexpired Leases ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7: Motions ☒ NONE

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

### a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f). ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

### b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ☐ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8: Other Plan Provisions

### a. Vesting of Property of the Estate

☒ Upon confirmation

☐ Upon discharge

### b. Payment Notices

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) priority claims
3) secured claims
4) unsecured claims

### d. Post-Petition Claims

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____08/01/2017_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Plan modified to clarify who is paying the mortgage company and how much.<br>Plan obligations - Loan Modification proposed date of completion. | Clarification - $600.00 to be paid to Trustee. Trustee will pay the creditor for mortgage. Plan obligations - Loan Modification date of completion to June 2018. Change was made due to internal issues within creditors Bankruptcy Department. Additional explanation Attached. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

### Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: _____

Attorney for the Debtor

Date: 01/19/2018

_/s/ Stephanie A Zanni_
Debtor

Date: _____

Joint Debtor

Case No.: 1712184
Chapter 13
Judge: Altenburg

January 19, 2018

In Re:

Stephanie Ann Zanni
1059 E. Forest Grove Rd
Vineland, NJ 08360

## ADDITIONAL EXPLANATION

Nationstar is now Mr. Cooper – with this change original Loan Modification that was submitted and received on 6/13/2017 has not been sent to the department to process. After further research within three different departments of the mortgage company, they have determined that the ball was dropped on this Loan Modification. Bankruptcy department has not moved forward on this Loan Modification because they are awaiting proper documentation for the rescinding of the Sheriffs sale on 4/18/2017. This Sheriff's sale was in error and should never have been sold. When Bankruptcy department receives paperwork, I will be notified as soon as possible. At that time I will be able to give an update as to the progress of Loan Modification.

Date: 1-19-18

_Stephanie A. Zanni_
Debtor

United States Bankruptcy Court
District of New Jersey

In re:  
Stephanie A Zanni  
    Debtor

Case No. 17-12184-ABA  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0312-1     User: admin     Page 1 of 2     Date Rcvd: Jan 23, 2018  
                        Form ID: pdf901     Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 25, 2018.
```
db              +Stephanie A Zanni,    1059 E. Forest Grove Rd,    Vineland, NJ 08360-1884
516989008       +Franklin Township Tax Collector,    1571 Delsea Drive,    Block 6907 Lot 4,
                  Franklinville, NJ 08322-2391
516655667       +Jennelle C. Arnold,    Aldridge Pite, LLP,    4375 Jurtland Drive, Suite 200,    PO Box 17933,
                  San Diego, CA 92177-7921
516628536       +Nationstar,    P.O. Box 619063,    Dallas TX 75261-9063
516628541       +Plymouth Rock,    PO Box 903,    Linscroft NJ 07738-0903
516628540       +South Jersey Gas,    PO Box 6091,    Bellmaur NJ 08099-6091
516860359       +U.S. Bank National Association,    NATIONSTAR MORTGAGE LLC,    PO BOX 619096,
                  DALLAS, TX 75261-9096
516628537       +Verizon,    PO Box 4830,    Trenton, NJ 08650-4830
516628542       +Vineland Electric,    Municipal Utilities,    640 E. Wood St,    PO Box 1508,
                  Vineland NJ 08362-1508
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg              E-mail/Text: usanj.njbankr@usdoj.gov Jan 23 2018 23:38:40      U.S. Attorney,    970 Broad St.,
                  Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg             +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jan 23 2018 23:38:37      United States Trustee,
                  Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                  Newark, NJ 07102-5235
516857072       +E-mail/Text: g20956@att.com Jan 23 2018 23:39:11      AT&T Mobility II, LLC,
                  c/o AT&T Services, Inc.,    Karen Cavagnaro,    One AT&T Way, Room 3A104,
                  Bedminster, NJ 07921-2693
516628538       +E-mail/Text: bankruptcy@pepcoholdings.com Jan 23 2018 23:38:24      Atlantic City Electric,
                  PO Box 13610,    Philadelphia PA 19101-3610
516647477        E-mail/Text: bankruptcy@pepcoholdings.com Jan 23 2018 23:38:24
                  Atlantic City Electric Company,    Pepco Holdings, Inc.,
                  Bankruptcy Division, Mail Stop 84CP42,    5 Collins Drive, Suite 2133,
                  Carneys Point, NJ  08069-3600
516628539       +E-mail/Text: ned-collections_bankruptcydocuments@comcast.com Jan 23 2018 23:39:08
                  Comcast Cable,    One Comcast Center,    1701 JFK Blvd,    Philadelphia PA 19103-2899
516653566       +E-mail/PDF: gecsedi@recoverycorp.com Jan 23 2018 23:41:24      Synchrony Bank,
                  c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTAL: 7
```

             ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 25, 2018                                                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 23, 2018 at the address(es) listed below:
```
              Charles G. Wohlrab     on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,
               SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER
               TO LASALLE BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR MERRIL cwohlrab@logs.com,
               njbankruptcynotifications@logs.com
              Denise E. Carlon    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR
               IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE
               BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR MERRIL dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Isabel C. Balboa     on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Isabel C. Balboa     ecfmail@standingtrustee.com,    summarymail@standingtrustee.com
              Raymond  Shockley, Jr    on behalf of Trustee Isabel C. Balboa ecf@standingtrustee.com
```

```
District/off: 0312-1          User: admin              Page 2 of 2            Date Rcvd: Jan 23, 2018
                              Form ID: pdf901          Total Noticed: 16
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          U.S. Trustee   USTPRegion03.NE.ECF@usdoj.gov
                                                                                                                                          TOTAL: 6